J. O. KINGSTON, Plaintiff
and Appellant,

v.

GREAT SOUTHWEST FIRE INSUR-
ANCE COMPANY, a corporation,
Defendant and Respondent.

No. 15323.

Supreme Court of Utah.

April 18, 1978.

Carl E. Kingston, Salt Lake City, for plaintiff and appellant.

Hanson, Russon, Hanson, & Dunn, Timothy R. Hanson, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

The only issue involved in this case is this: Did the appellant have an insurable interest in the warehouse that was destroyed by fire?

The appellant owned a warehouse and had insurance on it with the respondent company. Just prior to the fire, Salt Lake City Corporation filed a suit in condemnation seeking to condemn the property in question. Thereafter, and prior to the fire, the city was granted an order of immediate occupancy. Despite the order, the appellant maintained possession and was using the warehouse as a place of storage for his merchandise.

The condemnation order was contested and no final judgment had been entered whereby the legal title to the property had been given to Salt Lake City. In fact, the final judgment was not entered for some eight months after the fire. The appellant began an action on the policy while the contest of the condemnation was still pending.

Our statute [1] provides that the condemnor may pay seventy-five percent (75%) of the appraised value of the property into court and, if accepted, the landowner can then contest at trial only the value of the property taken and the damages resulting therefrom. In this case, the money deposited was not accepted by the landowner; therefore, all issues, including the right to condemn, were reserved for trial.

Our statutes [2] further provide that the condemnor may abandon the condemnation

1. U.C.A., 1953, as amended, 78–34–9.

2. U.C.A., 1953, as amended, 78–34–16.

proceedings at any time prior to the payment for the land, being liable to the landowner only for all damages sustained.

There is no claim made that Mr. Kingston, the appellant, did not have an insurable interest in the building when the policy was issued. He paid the premium and the respondent herein ought not be permitted to refuse payment simply because a lawsuit over the property is pending. If there could be a complaint about paying the money to the insured, it should only be made by the condemnor, and then only if the condemnation proceeds to judgment.

▆▆ The law requires an interest in insured property to exist both at the time of issuance and at the time of loss.[3] In the instant matter, the appellant did have an insurable interest at the time of the fire: (a) He was the legal owner thereof; (b) The condemnation proceedings could be abandoned, and he would have to take back his property as is and would have no claim against the city for damages due to the fire since the city was not responsible therefor; (c) He was in possession of the warehouse at the time of the fire.

▆▆ An owner of a building who retains legal title even though he has contracted to sell it has an insurable interest therein until the purchase price is paid.[4] There can be no difference in the retention of an insurable interest in a contract to sell and in a suit in condemnation. In each case, the owner has an insurable interest in the property until he is paid for it. In the case of a sale, he agrees to the deal; in the case of condemnation, the court compels him to agree.

In *American National Bank & Trust Company v. Reserve Insurance Co.*[5] it was held that an owner had an insurable interest at the time of a destructive fire even though condemnation proceedings had not been completed. The insurer denied liability on its policy. In affirming the judgment in favor of the owner, the court said:

It is the defendant's next contention that recovery should be denied on the grounds that the insured lacked an insurable interest in the premises at the time of the fire, * * * The city's petition was still pending and undisposed of at the time of the fire. A jury subsequently entered a verdict of $6775.00 in the condemnation proceedings representing the value of the property at the time the petition to condemn was filed. Defendant suggests that the jury's verdict having been affirmed * * * title relates back to the date of filing the petition to condemn, upon payment of compensation by the condemning authority.

We think there is no merit to this contention insofar as it is directed to the relevant question of plaintiff's insurable interest on the date of the fire. At that date, the city's petition was pending but had not been acted upon. At the date of the fire there had been no change in the legal title to the property, or even a jury verdict in the proceedings by the city. At that stage of the condemnation proceedings the city might have abandoned its petition altogether upon the payment of the property owners' expenses in the proceedings, as provided by statute * *. This being so, it seems clear to us that plaintiff did have an insurable interest in the property on the day of the fire. The fact that the city continued its proceedings against the property after the fire, rather than exercising it statutory prerogative to abandon them, is certainly a fortunate circumstance for the plaintiff, but it is not an event which defendant may seize upon in an effort to avoid liability on its contract of insurance.

* * * Accordingly, we are of the opinion that the condemnation award received by plaintiff does not limit or bar plaintiff's right to recover in this action.

Another case in point is that of *Home Insurance v. Dalis.*[6] There, the factual situation was the same as is the instant case.

---

3. 44 C.J.S. Insurance § 179.

4. 44 C.J.S. Insurance § 188a.

5. 38 Ill.App.2d 315, 187 N.E.2d 343 (1962).

6. 206 Va. 71, 141 S.E.2d 721 (1965).

The laws of Virginia were practically identical with those of Utah. The headnote to the Virginia case states the substance of the holding as follows:

Action to recover on a fire policy for loss of two barns on property owned by plaintiffs as tenants in common. The Circuit Court of the City of Norfolk, Thomas M. Johnston, J., entered judgment for the plaintiffs. The defendant was granted a writ of error. The Supreme Court of Appeals, I'Anson, J., held that even though State Highway Commissioner had filed condemnation certificate prior to fire and statute provided that title then vested in the state, nevertheless plaintiffs had 'insurable interest' and they suffered a loss when fire destroyed buildings and they could recover on their fire policy, where the state's title was defeasible and was capable of being defeated by the Commissioner and plaintiffs were in possession and occupancy and had valuable materials stored in buildings when fire occurred.

The trial court in our present case rendered judgment for the insurance company, and in doing so, it erred. The judgment is reversed. The case is remanded for the court to fix the amount of damages caused by the fire and to give judgment for that sum to the plaintiff, not exceeding the amount stipulated in the policy.

Costs are awarded to the appellant.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.